# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT AKERS,                          )
                                       )
      Plaintiff,                      )
                                       )
vs.                                    )          Case No. 14-cv-00997-JPG-DGW
                                       )
WEXFORD HEALTH SOURCES, INC.,          )
*et al*.,                              )
                                       )
      Defendants.                     )

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 66) of Magistrate Judge Donald G. Wilkerson recommending that this Court grant in part Plaintiff Robert Akers' Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2).  The Defendants filed objections to the R & R (Doc. 67) in a timely manner.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Defendants have filed an objection, so this Court will review *de novo* those portions of the R & R to which objections have been filed.  As stated in the R & R, Plaintiff developed an inguinal hernia in June of 2012 and Plaintiff is alleging that the hernia is causing him constant, intense pain that affects all facets of his daily activity.  The course of treatment that the Plaintiff

has received is outlined in the "Finding of Fact" portion of the R & R and as such, will not be repeated here.  Magistrate Judge Wilkerson conducted a hearing on Plaintiff's Motion for Preliminary Injunction on February 10, 2015, and heard testimony from the Plaintiff and from Dr. Matticks, a Regional Medical Director for Wexford, testifying on behalf of the defendants.

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).  A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will likely suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811.  "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).

Whether the Plaintiff has some likelihood of success on the merits depends on whether he can make a threshold showing enough to state an Eight Amendment claim.  To state an Eighth Amendment claim, an inmate must show that officials either intended to inflict suffering or acted with deliberate indifference, where the official "knows of and disregards an excessive risk to

inmate health or safety."   *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir.2001) (quoting *Farmer v. Brennan*, 511 U .S. 825, 837 (1994)).

The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000).  To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical need was serious but disregarded it.  *Johnson*, 444 F.3d at 584; *Zentmyer*, 220 F.3d at 810.

An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Johnson*, 444 F.3d at 584-85 (quotations omitted).  A serious medical condition need not be life-threatening, but it should constitute "a denial of the minimal civilized measure of life's necessities."  *Johnson*, 444 F.3d at 585 (quotations omitted).

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need.").  "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed."  *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001)  (citing *Estelle*, 429 U.S. at 104-05).  It can also arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards," *Estate of Cole by Pardue*

*v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996), or was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment," *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006).  "Although the doctor did not completely ignore plaintiff's pain, a doctor's choice of the 'easier and less efficacious treatment' for an objectively serious medical condition can still amount to deliberate indifference for the purposes of the Eighth Amendment."  *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010)(*quoiting Estelle v. Gamble*, 429 U.S. 87 (1976)(other citations omitted).

However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference.  *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261.

The Court agrees with the R & R in that an inguinal hernia is an objectively serious medical condition.  The Plaintiff's medical records are sufficient evidence that the hernia has been diagnosed by a physician as mandating treatment, that the Plaintiff has experienced pain, and that the condition interferes with his ability to perform daily activities.  However, the medical records also indicate that the plaintiff complained of pain from other medical issues[1] unrelated to the hernia and has been receiving conservative treatment.

Therefore, the main issue is whether the defendants acted with deliberate indifference to the Plaintiff's inguinal hernia.  Defendants' objections state that the Plaintiff's pain is caused by his unrelated medical conditions and that, "There is no medical evidence to suggest that surgical repair of the left inguinal hernia will resolve his complaints of pain."  (Doc. 67, pg 3).

---

[1] Migraine headaches and left-sided sciatic nerve pain.

4

The difficulty that this Court has is the inconsistencies in the Plaintiff's medical records with regard to whether the Plaintiff's hernia is "reducible" or non-reducible" or incarcerated.  As stated in the R & R, an incarcerated hernia poses a greater risk to a person's health than a reducible hernia.  It is difficult to determine whether the Defendants acted with deliberate indifference when there is no clear diagnosis of the condition of the hernia.  However, it does appear that conservative therapy currently prescribed is not managing the Plaintiff's pain or allowing him the ability to undertake basic, daily activities.  As quoted above, easier and less efficacious treatment for an objectively serious medical condition can still amount to deliberate indifference for the purposes of the Eighth Amendment.

Plaintiff has some likelihood of success on the merits as he has demonstrated a serious medical conditional and the potential that the Defendants were indifference to the condition.  The Court agrees with the R & R that no adequate remedy at law exists as the longer Plaintiff must wait to see an outside specialist, the greater the risk of his hernia becoming strangulated and the Plaintiff will continue to endure constant pain.  Finally, the harm of daily pain that the Plaintiff will suffer in if a partial injunction is denied appears to outweigh the harm of the increased costs that the Defendants will suffer if it is granted.

The Court hereby **ADOPTS** the Report and Recommendations (Doc. 66) in its entirety and **GRANTS** in part Plaintiff Robert Akers' Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2).

**IT IS SO ORDERED.**

**DATED:**  7/29/2015          *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**