IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT AKERS,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ROBERT SHEARING, NURSE MOLDENHAUER, DR. SAMUEL NWAOBASI, MAJOR ZEIGLER, LT. CARTWRIGHT, SGT. SHIRTZ, and MENARD WARDEN,<br><br>    Defendants. | Case No. 3:14-cv-997-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Immediate Medical Attention (and Preliminary Injunction) filed by Plaintiff, Robert Akers, on June 9, 2016 (Doc. 116) and the Motion for Sanctions filed by Plaintiff on June 27, 2016 (said motion is included in Plaintiff's reply to Defendants' response to Plaintiff's Motion for Immediate Medical Attention) (Doc. 125). For the reasons set forth below, the Motion for Immediate Medical Attention is **GRANTED IN PART AND DENIED IN PART** and the Motion for Sanctions is **DENIED WITHOUT PREJUDICE**.

**FACTUAL BACKGROUND**

Plaintiff initiated this action on September 15, 2014 alleging Defendants Wexford Health Sources, Inc., Dr. Robert Shearing, Michael Moldenhauer, and Dr. Samuel Nwaobasi acted with deliberate indifference by failing to provide necessary medical treatment for Plaintiff's painful

inguinal hernia.[1] The current Warden of Menard is named as a defendant in this action for purposes of carrying out any injunctive relief.

Along with his complaint, Plaintiff filed a Motion for Preliminary Injunction asking the Court to order Defendants Wexford, Dr. Shearing, Nurse Moldenhauer, and Dr. Nwaobasi to provide surgery for his hernia (Doc. 2). The undersigned held a hearing on Plaintiff's motion on February 10, 2015 (Doc. 65) and, on March 30, 2015, recommended that Plaintiff's Motion be granted in part (Doc. 66). Over Defendants' objection, Judge Gilbert adopted the undersigned's recommendation and ordered the following on July 29, 2015 (Docs. 73 and 74):

> Defendants are **ORDERED** to facilitate a referral to a physician whose specialty is appropriate to evaluate Plaintiff's left inguinal hernia within **30 days** of the date of this Order.
>
> Defendants are further **ORDERED** to provide a Notice to the Court that advises the Court of the results of the examination and whether the specialist recommends a new course of treatment and/or recommends surgery or whether the specialist does not recommend that any different treatment other than that being currently provided to the Plaintiff.

On August 14, 2015, Defendant Wexford filed a Notice informing the Court that Plaintiff was referred to a surgeon, Dr. Luong of Lincoln Surgical Associates in Belleville, IL, for evaluation of his left inguinal hernia and the surgeon documented the hernia as reducible, not incarcerated or strangulated, and not associated with any other symptoms. Wexford also indicated that "from the surgeon's documentation, it is unclear if the surgeon recommended

---

[1] Plaintiff is also proceeding on an Eighth Amendment claim against Defendants Major Zeigler, Lt. Cartwright, and Sgt. Shurtz for ordering Plaintiff to walk across the ice-covered yard with deliberate indifference to a known, obvious, and substantial risk of serious bodily harm; however, said claim is not at issue in Plaintiff's Motion for Immediate Medical Attention and will not be addressed further in this Order.

surgical repair as the medically preferred course of treatment or simply listed surgical repair as an elective option" (Doc. 77).

Plaintiff, under the impression that Dr. Luong ordered surgery, and concerned about the delay, filed an Emergency Motion to Enforce the Surgeon's Recommendation on January 26, 2016 (Doc. 104). Wexford responded on February 1, 2016 asserting that although the surgeon may have discussed surgical options with Plaintiff, the Surgeon's Report does not indicate that surgical repair is medically necessary or that it is emergently required (Doc. 105). Soon thereafter, on February 5, 2016, the Court appointed Attorney Gary Payne to represent Plaintiff in this matter and denied Plaintiff's emergency motion without prejudice (Doc. 107).

Through his attorney, Plaintiff filed the motion now before the Court (Doc. 117). In this motion, Plaintiff asks the Court to Order Defendants to transport Plaintiff to a specialist so that he may undergo the surgical repair of his left inguinal hernia that was recommended and planned by Dr. Luong after his August, 2015 examination. In support of his motion, Plaintiff asserts that Dr. Luong recommended surgery, and said recommendation is evinced on the last page of the Surgeon's Report, wherein it reads:

> **IMPRESSION:** Reducible LIH (left inguinal hernia)
>
> **PLAN:** lap (laparoscopic) v. open (surgery). Pt. chooses laparoscopic LIH procedure. (parenthetical inserts added).

Plaintiff asserts that this recommendation is consistent with his discussion with Dr. Luong, which he testified to as follows:

> He took it [the hernia] and he pushed it back up into my stomach while I was laying down. He said okay, I can reduce it. He had me stand up and it came out. He's just like, okay, it doesn't stay reduced. He's like that's not good. He started writing in his book,

> and he started describing procedures to me, like, basically like the old clandestine type of procedure that I had when I was a kid, you know, versus new laparoscopic procedure with mesh and things like that. He described to me the pros and cons of both of those, and he asked me, you know, which one I preferred. I told him, you know, the laparoscopic. … He said okay, we're going to schedule you for surgery. We're going to get this taken care in probably about week.
> (Doc. 117-4, p. 3).

Plaintiff takes issue with Defendant Wexford's characterization in its Notice to the Court that Dr. Luong's recommendation regarding surgery was unclear and asserts that by failing to provide the Court with a clear response as to whether or not Dr. Luong recommended a new course of treatment and/or surgery, it failed to comply with the Court's Order. Further, Plaintiff argues that if Defendant Wexford believed the report to be unclear, it should have followed-up with the surgeon for clarification.

Finally, Plaintiff explains that his condition has further deteriorated since the surgeon's examination and he now suffers pain from an egg-sized hernia that will not stay reduced. Further, the hernia truss that was issued to Plaintiff was confiscated when Plaintiff was transferred to a medium security institution in July, 2015 and it has not been returned or replaced. Plaintiff asserts that he suffers from debilitating pain due to his hernia and must push it aside when he goes to the bathroom and he experiences significant leakage after urination. Also, the hernia is now pressing on his testicles and Plaintiff has to hold it to walk around.

In Defendants' response to Plaintiff's motion, they assert that Plaintiff continues to receive appropriate medical care for his left inguinal hernia that they describe as being "reducible." While Defendants concede that elective surgery is one option for Plaintiff, they contend that it is not medically necessary and emphasize that Dr. Luong did not indicate that it was medically

necessary. Defendants go on to analyze the elements a plaintiff must establish in seeking a preliminary injunction and conclude that Plaintiff has failed to meet his burden. With regard to the Surgeon's Report, Defendants explain that Dr. Luong discussed "options for treatment" and "possible outcomes with/without treatment" with Plaintiff and concede that the surgeon indicated that Plaintiff "chooses laparoscopic LIH" surgical repair. However, Defendants maintain that the surgical repair discussed is merely elective, not medically necessary, and appropriate, conservative medical treatment continues to be provided to Plaintiff (Doc. 123).

Plaintiff filed a reply to Defendants' response asserting that Wexford improperly argued against a finding that preliminary injunctive relief is necessary, when said relief has already been partially granted. Plaintiff also point out Defendants' continued to failure to correspond with Dr. Luong to clarify his recommendation with regard to Plaintiff and argues that such failure has resulted in Plaintiff's counsel expending a considerable amount of time on a matter that could have been resolved with some due diligence. For this reason, Plaintiff has included a motion for sanctions in his reply (Doc. 125).

The Court held a hearing on Plaintiff's Motion for Immediate Medical Attention on July 20, 2016 wherein counsel for Plaintiff and counsel for Defendants were present and proffered arguments on behalf of their respective clients.

### DISCUSSION

After reviewing the briefs and supporting evidence, and hearing the parties' oral arguments, the Court finds that Defendants failed to comply with Judge Gilbert's Order insofar as Defendants failed to provide a notice to the Court that advised the Court whether the outside specialist recommended a new course of treatment and/or surgery or whether the specialist did not

recommend a course of treatment different from that being provided to Plaintiff at his institution (*See* Doc. 74). For this reason, the Court hereby **GRANTS IN PART** Plaintiff's Motion for Immediate Medical Attention (and Preliminary Injunction) (Doc. 116) insofar as Plaintiff's motion seeks enforcement of Judge Gilbert's July 29, 2015 Order and a Court Order that he be transported to a specialist; however, Plaintiff's Motion is **DENIED IN PART** as to his request that he be provided with left inguinal hernia repair surgery. Specifically, in order to achieve compliance with Judge Gilbert's July 29, 2015 Order, the Court hereby **ENTERS** the following **ORDER:**

Defendants are **ORDERED** to facilitate a referral to Dr. Luong to evaluate Plaintiff's left inguinal hernia within **30 days** of the date of this Order.

Defendants are further **ORDERED** to provide a Notice to the Court within **14 days** of said evaluation that advises the Court of the results of the examination. Specifically, Defendants' Notice **SHALL** indicate whether Dr. Luong recommends that Plaintiff receive a course of treatment that differs from the course of treatment he is currently receiving, including whether or not Dr. Luong recommends that Plaintiff's inguinal hernia be surgically repaired, or, whether Dr. Luong does not recommend a course of treatment that differs from that which he is currently receiving at Menard Correctional Center.

With regard to Plaintiff's Motion for Sanctions (which is included in Plaintiff's reply to Defendants' response to Plaintiff's Motion for Immediate Medical Attention) (Doc. 125), it is **DENIED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE** to file said motion in a separate docket entry.

**IT IS SO ORDERED.**

**DATED: July 21, 2016**

                                                            *Donald Wilkerson*

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**