IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT AKERS, | ) |
| Plaintiff, | ) ) ) ) Case No. 3:14-cv-997-NJR-DGW |
| v. | ) ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 158). For the reasons set forth below, the Motion is **DENIED**.

**PROCEDURAL BACKGROUND**

Plaintiff Robert Akers, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit as a *pro se* litigant on September 15, 2014 alleging his constitutional rights had been violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: Eight Amendment deliberate indifference claim against Defendants Wexford Health Sources, Inc., Shearing, Moldenhauer, and Nwaobasi for failing to provide necessary medical treatment for Plaintiff's painful inguinal hernia; and
>
> Count Two: Eighth Amendment claim against Defendants Ziegler, Cartwright, and Shirtz for ordering Plaintiff to walk across the ice-covered yard with deliberate indifference to a known, obvious, and substantial risk of serious bodily harm that could result from a fall.

On February 5, 2016, the Court appointed attorney Gary L. Payne to represent Plaintiff in

this matter. Plaintiff, through counsel, filed the motion to amend now before the Court on November 4, 2016. Discovery closed on December 16, 2016 and the dispositive motion deadline was stayed pending a ruling on the motion to amend.

In his motion to amend, Plaintiff seeks leave to bring a deliberate indifference claim against Defendants for their alleged failure to diagnose and treat Plaintiff's serious back injury that resulted from his fall on January 6, 2014. Plaintiff asserts that his amendment is neither unduly delayed, nor brought in bad faith or with dilatory motive.

Defendants object to Plaintiff's motion arguing that it is untimely, having been filed just one month prior to the close of discovery in this matter and futile insofar as Plaintiff admittedly failed to grieve this issue prior to seeking leave to amend. Defendants also point out that Plaintiff is not without recourse for his back injury as he is still at liberty to file a separate lawsuit if he so chooses.

## DISCUSSION

Although Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that a leave to amend should be freely given when justice so requires "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). Moreover, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). A complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In light of the standards set forth in *Twombly* and *Iqbal*, Plaintiff's motion to amend must be denied. Plaintiff failed to allege, with any specificity, the actions undertaken by each defendant that form the basis of his deliberate indifference claim. Indeed, Plaintiff makes no mention of any particular defendant in his proposed amendment. Accordingly, there is no factual content for the Court to draw an inference that any defendant is liable for the misconduct alleged. Moreover, the Court finds that allowing Plaintiff leave to amend at this late date would prejudice defendants as it would necessarily require additional discovery and further delay a case that was pending more than two years prior to Plaintiff seeking leave to add this additional claim. The Court further acknowledges the apparent futility of allowing Plaintiff leave to amend due to his admission that he failed to address his complaints at the institutional level via the administrative grievance process. For these reasons, Plaintiff's Motion for Leave to Amend (Doc. 158) is **DENIED**.

With regard to the schedule in this matter, the stay on the filing of dispositive motions is lifted and the Scheduling Order is **AMENDED** as follows:

1. Dispositive motions shall be filed by **June 9, 2017**.
2. Telephonic pretrial conference is set before the undersigned on **September 20, 2017 at 2:00 p.m.** Counsel for Defendants (Wexford) to initiate the call by conferencing in counsel for all other parties and then calling the Court's conference line at 618-482-9004.

3. Final Pretrial Conference before District Judge Nancy J. Rosenstengel is set for **October 19, 2017 at 10:30 a.m.**

4. Jury trial is set for **November 14, 2017 at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**